IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN SLAFTER, individually and on behalf of all similarly situated individuals,<br><br>                   **Plaintiff,**<br><br>v.<br><br>HAIER US APPLIANCE SOLUTIONS, INC., a Delaware Corporation,<br><br>                   **Defendant.** | Case No. 21-CV-01326-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Brian Slafter filed a proposed class action Complaint alleging that an air conditioning unit that Defendant Haier US Appliance Solutions, Inc., manufactured through subsidiary General Electric Appliances was defective in its design (Doc. 1-1). Pending before the Court is Haier's Motion to Dismiss the Complaint (Doc. 17). Slafter filed a response to the Motion (Doc. 20) and Haier replied (Doc. 23). For the reasons set forth below, the Court grants the Motion.

### FACTUAL & PROCEDURAL BACKGROUND

The following facts are taken from Slafter's Complaint and the Court views them as true for the purposes of this Motion. Around May 1, 2020, Slafter purchased a GE Appliances window unit-style air conditioner from a local Walmart store (Doc. 1-1, p. 8). Before the purchase, Haier acquired GE Appliances from General Electric Company (*Id.* at 2). The box containing the air conditioner stated that it would

regulate temperature both through the control panel on the unit as well as by the included remote control, turn on and off as needed, provide 6,000 BTUs of cooling power, and function with several different modes (*Id.* at 8). Slafter "reasonably relied on [Haier]'s representations and warranties that its products would function as warranted" (*Id.* at 7). A few months after Slafter's purchase, he observed that the unit failed to regulate temperature, the unit would turn on and off without any input, and he could not control the unit (*Id.* at 8-9).

Slafter complained that "[e]ach of Defendant's Defective Air Conditioning models contains a common design defect that causes the circuit board to malfunction" (Doc. 1-1, p. 4). "On information and belief, one reason the circuit boards are susceptible to malfunction is because they lack a protective coating to guard against moisture and temperature changes caused by the operation of the air conditioners" (*Id.*). Also "on information and belief," the units either lack an industry-standard protective coating, which Slafter calls a "conformal coating," or the coating is inadequately applied, causing the malfunctions (*Id.* at 5). Haier knew or should have known that "units with circuit boards that are susceptible to malfunction would result in a high frequency of unit failure" and that the units had a "latent defect" because of bad reviews on its website and other websites (*Id.* at 5). Haier failed to disclose the circuit board defect and, had it done so, Slafter would not have purchased the unit or would not have paid so much for it (*Id.* at 7). The defect made the unit unfit for its ordinary purpose, which deprived Slafter of the benefit of the bargain, and also constituted unfair and deceptive trade practices (*Id.* at 5, 13). Haier provided a limited one-year warranty to replace and repair any part of the unit that failed due

to a defect, but replacement with the same defective component would leave Slafter in the same position he was in before with a defective unit (*Id.*).

Slafter claimed that Haier engaged in unfair and deceptive business practices in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), *see* 815 ILCS 505/1; breached the implied warranty of merchantability; and was unjustly enriched.

Haier moved for dismissal on the ICFA claims because the Federal Rule of Civil Procedure 9(b) pleading standard does not support facts Slafter pleaded "on information and belief," an express contract controls the parties' relationship, and Slafter failed to allege the correct ICFA elements. Haier also asserted the breach of implied warranty claim did not meet the actual knowledge and privity requirements and should be dismissed. Haier additionally posited that Slafter's unjust enrichment claim was tied to his ICFA claim and should be dismissed.

## LEGAL STANDARD

In analyzing a motion to dismiss for failure to state a claim filed pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must determine whether or not the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court of Appeals for the Seventh Circuit has explained that "'[p]lausibility' is not a synonym for 'probability' in this context, but it asks for 'more than a sheer possibility that a defendant has acted unlawfully.'" *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015) (quoting *Olson v. Champaign County*, 784 F.3d 1093, 1099

(7th Cir. 2015)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [the] [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

District courts are required by the Court of Appeals for the Seventh Circuit to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

## ANALYSIS

### I. ICFA Claim (Count I)

ICFA "is a regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive practices." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010) (citation and internal quotation marks omitted). In order to state a claim under ICFA, a plaintiff must allege: (1) deceptive or unfair conduct occurred, (2) the defendant intended for plaintiff to rely on the conduct, (3) the act occurred in the course of conduct involving trade or commerce, (4) the plaintiff sustained actual damages, and (5) the damages were proximately caused by the defendant's conduct. *Id.* A plaintiff may allege either deceptive or unfair conduct (or both). *Siegel*, 612 F.3d at 935; *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 575 (7th Cir. 2012). "[U]nfair

or deceptive acts or practices under the statute include false promise[s], misrepresentation[s] . . . or omission[s] of any material fact." *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 399 (7th Cir. 2011) (citing 815 ILL. COMP. STAT. 505/2) (internal quotation marks omitted).

The heightened pleading standard under FED. R. CIV. P. 9(b) requires plaintiffs to plead deceptive practices claims with particularity, including the "who, what, when, where, and how" of the fraud. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014). "A plaintiff generally cannot satisfy the particularity requirement of Rule 9(b) with a complaint that is filed on information and belief." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 442 (7th Cir. 2011) (citing *Bankers Trust Co. v. Old Republic Ins. Co.,* 959 F.2d 677, 683 (7th Cir.1992)).

Haier moved to dismiss Slafter's ICFA claim on the basis that it failed to state a claim with particularity as required by Rule 9(b). Slafter refuted the assertion, stating that the complaint meets the particularity requirements of Rule 9(b), while also claiming that it properly pleaded an unfair practices claim, which is not subject to the heightened pleading standard. Haier also asserted that the contractual breach exception defeated Slafter's ICFA claim and Slafter failed to allege the elements of an ICFA claim.

Slafter's ICFA claim centers on the allegation that Haier failed to disclose that that several air conditioner models contained a latent defect. Slafter pleaded specifics about the alleged defect, which are integral to the deceptive practices claim, "on information and belief." Slafter's ICFA claim does not satisfy the particularity

requirements of Rule 9(b). While the "on information and belief" pleading rule is not hard and fast, an exception does not apply here because the facts constituting the alleged defect at the center of the deception are, with a bit of work, accessible to Slafter and he did not provide any grounds to substantiate his suspicion about the alleged defect. *See Pirelli*, 631 F.3d at 443 (quoting *Uni\*Quality, Inc. v. Infotronx, Inc.,* 974 F.2d 918, 924 (7th Cir. 1992); *Bankers Trust,* 959 F.2d at 684). Slafter also failed in his attempt to frame a deceptive practices act claim as an unfair practices claim to avoid Rule 9(b). Identical to his deceptive practices claim, according to Slafter, Haier engaged in unfair conduct in violation of ICFA by failing to disclose the alleged defect. Simply stated, unfairness language does not change an ICFA claim that is completely grounded in fraud to an unfairness claim. *See Camasta*, 761 F.3d at 737.

Additionally, "[a] breach of a contractual promise, without more, is not actionable under the [ICFA]." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill.2d 100, 169 (2005). Said another way, a plaintiff asserting such an ICFA claim in a contractual setting must allege unfair and deceptive conduct separate and distinct from an alleged breach of a contractual promise. Here, Slafter did not allege more than Haier's mere failure to fulfill its contractual obligation to him.

Furthermore, the Illinois Supreme Court has repeatedly emphasized that for a consumer fraud action, deception by statement or omission is required and if there has been no communication with the plaintiff, there have been no statements or omissions. *De Bouse v. Bayer*, 235 Ill.2d 544, 554 (2009). Here, Slafter failed to allege any direct statements from Haier that contained material omissions. Rather, Slafter

alleged opportunities or locations where Haier could have disclosed the alleged defect. But knowledge and failure to act is insufficient to allege a statement or material omission. Slafter also implied that the features advertised on the box qualified as deceptive statements after the defect caused the unit to stop working. But those advertised features are not direct statements from Haier, and, thus, do not qualify as communications containing a material omission.

Accordingly, relief is foreclosed and Slafter's claim under ICFA is dismissed with prejudice

## II. Implied Warranty of Merchantability Claim (Count II)

"A warranty that the goods shall be merchantable is implied . . . if the seller is a merchant with respect to goods of that kind." 810 Ill. Comp. Stat. 5/2-314. In order to state a claim for breach of an implied warranty of merchantability, a plaintiff must allege that "(1) the defendant sold goods that were not merchantable at the time of sale; (2) the plaintiff suffered damages as a result of the defective goods; and (3) the plaintiff gave the defendant notice of the defect." *Indus. Hard Chrome, Ltd. v. Hetran, Inc.*, 64 F. Supp. 2d 741, 748 (N.D. Ill. 1999) (citing 810 Ill. Comp. Stat. 5/2-314).

Under Illinois' Uniform Commercial Code, a plaintiff seeking to bring an action under a theory of breach of the implied warranty of merchantability must provide the defendant with notice of the alleged breach "within a reasonable time after he discovers or should have discovered any breach" or else "be barred from any remedy." 810 Ill. Comp. Stat. § 5/2-607(3)(a). Courts have interpreted this provision as requiring pre-suit notice of a warranty claim. *See Connick v. Suzuki Motor Corp.*, 174 Ill.2d 482, 492 (1996); *see also Anthony v. Country Life Mfg., LLC*, 70 F. App'x 379,

384 (7th Cir. 2003). This rule, however, is not without exceptions—direct notice is not necessary when the seller has actual knowledge of the defect. *See Connick*, 174 Ill.2d at 492. Here, Haier moved to dismiss based on its lack of pre-suit notice from Slafter of the alleged breach. Slafter claimed Haier had actual knowledge of the defect. Slafter highlighted bad reviews of different GE Appliances units as a result of the alleged defect, but no allegation suggests that Haier had knowledge of the alleged defect with the unit Slafter purchased and generalized knowledge does not suffice. *See Connick*, 174 Ill.2d at 493. Moreover, even if the Court were to find pre-suit notice (or an exception to it) was established, Slafter has failed to establish privity. Contractual privity does not exist between a manufacturer and a person who buys from an independent dealer. *See Rothe v. Maloney Cadillac, Inc.*, 119 Ill.2d 288, 292, 294 (1988).

Consequently, relief is foreclosed and Slafter's claim under the implied warranty of merchantability is dismissed with prejudice.

### III.   Unjust Enrichment (Count III)

Haier moved to dismiss on the ground that Slafter's equitable claim of unjust enrichment because it is based on the same allegations as his inadequate ICFA claim. Slafter argued that the claim is correctly brought in the alternative. "[I]f an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011). Slafter admitted that his unjust enrichment claim is brought based on the same underlying conduct as his ICFA claim (Doc. 20, p. 18).

Slafter's claims have been dismissed and he has not alleged an independent basis for the Court to consider.

As a result, relief is foreclosed and Slafter's claim under unjust enrichment is dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Haier US Appliance Solutions, Inc.'s Motion to Dismiss (Doc. 17). Slafter's Complaint is **DISMISSED with prejudice**. The Court **DIRECTS** the Clerk of Court to close the case on the Court's docket.

**IT IS SO ORDERED.**

**DATED:   June 3, 2022**

s/ *Stephen P. McGlynn*  
**STEPHEN P. McGLYNN**  
**U.S. District Judge**
